UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGDALENA ZAMORA,

    Plaintiff,

v.

CAROLYN COLVIN,

    Defendant.

Case No.15-cv-01292-NC

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 15, 16

In this social security disability case, claimant Magdalena Zamora seeks review of the Commissioner's determination that she is not disabled. Zamora claims she is disabled because she has carpal tunnel, diabetes, and suffers from depression. Zamora argues that the ALJ's conclusion is erroneous because the ALJ improperly assessed the severity of her symptoms, and improperly weighed the opinions of various psychologists. Having reviewed the record as a whole, the Court concludes that the ALJ did not commit legal error, and that her determination was supported by substantial evidence in the record. As a result, the Court DENIES Zamora's motion for summary judgment and GRANTS the Commissioner's motion for summary judgment.

**I.  BACKGROUND**

Magdalena Zamora alleges disability beginning September 28, 2011. Zamora is fifty years old, and has an eighth grade education. A.R. 59. Zamora lives with her two minor children and the children's father. A.R. 62. She also has an adult child. A.R. 62.

Case No. 15-cv-01292-NC

1    Zamora's last job was in 2000, when she worked in computer assembly. A.R. 53.
2    Prior to that, she worked as a cashier part-time for five years. A.R. 55.
3    On October 7, 2011, Zamora protectively filed an application for disability
4    insurance benefits and supplemental security income. A.R. 29. The claims were denied on
5    February 6, 2012, and upon reconsideration on November 21, 2012. A.R. 95, 201.
6    Zamora requested a hearing with an administrative law judge ("ALJ"), which was held on
7    August 6, 2013. A.R. 29. Zamora was present at the hearing and testified.
8    At step one, the ALJ found that Zamora had not engaged in substantial gainful
9    activity. A.R. 31. At step two, the ALJ found that Zamora has the following severe
10   impairments: carpal tunnel syndrome of the bilateral wrists with trigger digits, status post
11   surgeries for bilateral carpal tunnel and third digit release; diabetes mellitus, type II, with
12   neuropathy of the feet; obesity; and major depressive disorder. A.R. 31. The ALJ
13   considered Zamora's recent abdominal pain and pelvic pain, but determined that those
14   impairments did not meet the criteria for severe because they were not both significant and
15   durational. A.R. 32. Additionally, the ALJ considered Zamora's fourth digit carpal tunnel
16   condition, and noted that Zamora did not seek appropriate treatment, so the ALJ did not
17   classify this impairment as severe. A.R. 32. However, the ALJ noted that she would
18   consider the impairment in combination with all medically determinable impairments.
19   A.R. 32.
20   At step three, the ALJ determined that Zamora's impairments do not meet the
21   criteria listed in 20 C.F.R. Part 404, subpart P, Appendix 1. A.R. 33. The ALJ considered
22   Zamora's mental impairments and found them not to meet the criteria for affective
23   disorders. A.R. 33. The ALJ concluded that Zamora has mild restriction in activities of
24   daily living, moderate difficulties in social functioning, moderate difficulties in
25   concentration, persistence or pace, and no episodes of decompensation. A.R. 33-34.
26   The ALJ found that Zamora has the residual functional capacity to perform
27   sedentary work, except that she can frequently perform all postural functions, but can
28   never climb ladders, ropes, or scaffolds. A.R. 34. Zamora is also limited to no more than

Case No.15-cv-01292-NC           2

frequent handling, fingering, and feeling.  A.R. 34.  She must avoid exposure to extreme heat or extreme cold, avoid concentrated exposure to vibration, and avoid concentrated exposure to hazards.  A.R. 34.  The ALJ concluded that Zamora has no significant limitation in the ability to understand, remember, and carry out unskilled work that involves no more than routine and superficial interaction with the public.  A.R. 34.

In coming to this conclusion, the ALJ determined that Zamora had the impairments listed above, but that her testimony as to her functional limitations was not entirely credible.  A.R. 35.  The ALJ noted that Zamora's treatment history was inconsistent with the level of impairment she claims.  A.R. 35.  Additionally, the ALJ found that Zamora performs a wide range of activities of daily living, such as preparing basic meals, cleaning, laundering clothes, and grocery shopping.  A.R. 35.  The ALJ found Zamora's testimony that her social functioning is significantly reduced to be not credible because Zamora's history reflects that Zamora has normal relationships with her minor children and is their primary caregiver.  A.R. 35.

As to the medical opinions in the record, the ALJ rejected part of the opinion of Dr. Lingamneri, Zamora's treating physician.  A.R. 36.  The ALJ noted that Dr. Lingamneri's opinion was overly reliant on Zamora's subjective complaints and inconsistent with her own treatment records.  A.R. 37.  For example, Dr. Lingamneri diagnosed Zamora with a menstrual disorder since March 2013, based on Zamora's subjective complaints, but did not refer Zamora to a gynecologist.  A.R. 37.  After listing further examples of inconsistencies with the record, the ALJ noted, "To the extent 'acceptable medical sources,' such as Dr. Lingamneri, offer opinions, they have been considered and generally given significant weight when consistent with the treating relationship between those sources and the claimant, underlying treatment records, treatment course, other probative opinions, and records evidence as a whole."  A.R. 38.

In considering Zamora's mental health limitations, the ALJ gave great weight to the opinion of Dr. Dixit, a consultive examiner, who opined that Zamora would have mild to moderate difficulty performing complex and detailed tasks, as well as mild to moderate

1   difficulty working with the public, supervisors, and coworkers. A.R. 38. The ALJ gave
2   this opinion significant weight because it was generally consistent with the mental health
3   records, such as those from Dr. Le, Zamora's treating psychiatrist. A.R. 38. Additionally,
4   the ALJ gave great weight to the opinion of Dr. Katzenberg, an examining physician who
5   opined that Zamora could lift five to ten pounds occasionally, stand or walk for one to two
6   hours in an eight-hour work day, and sit without limitation in an eight-hour work day.
7   A.R. 39. The ALJ gave little weight to the opinion of an examining physician, Dr. Patty,
8   because it was inconsistent with Dr. Dixit's opinion and Zamora's mental health records.
9   A.R. 39.

At step four, the ALJ concluded that Zamora is unable to perform any past relevant work. A.R. 40. At step five, the ALJ considered the testimony of a vocational expert, and concluded that Zamora could perform work as a (1) shade assembler, with 3,200 positions in California; (2) hand packer, with 2,900 positions available in California; (3) nut sorter, with 1,400 positions available in California. A.R. 41-42. Thus, the ALJ determined that Zamora was not disabled. A.R. 42.

On September 20, 2013, Zamora appealed the ALJ's decision. A.R. 24. On February 4, 2015, the Appeals Council denied Zamora's appeal, making the decision of the ALJ the final decision of the Commissioner. A.R. 1. All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 3, 11.

## II.   LEGAL STANDARD

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

The decision of the Commissioner should only be disturbed if it is not supported by substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance."). Where evidence

is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.  *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## III.  DISCUSSION

Zamora argues that the ALJ made the following legal errors: (A) the ALJ did not properly find Zamora's diagnoses as severe; (B) improperly discredited Zamora's testimony; and (C) the ALJ improperly rejected physician testimony.  As a result, Zamora argues that the ALJ's opinion is not supported by substantial evidence, and the ALJ's conclusion that Zamora could perform light sedentary work is inaccurate.

### A.   Severity of Zamora's Symptoms

Zamora first argues that the ALJ did not consider some of her symptoms as "severe," such as Zamora's fourth finger trigger finger problems, citing *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996).  Dkt. No. 15 at 9.

According to *Smolen*, the ALJ must engage in a two-step inquiry in examining the severity of an impairment.  *Id.*  First, the ALJ must examine each impairment.  "An impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 404.1521(a).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling."  20 C.F.R. § 140.1521(b).  Second, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe" and consider the claimant's subjective symptoms, such as pain or fatigue.  *Smolen*, 80 F.3d 1273, 1289-90 (9th Cir. 1996).

Here, the ALJ considered Zamora's fourth digit carpal tunnel condition, and noted that Zamora did not seek appropriate treatment, so the ALJ did not classify this impairment as severe.  A.R. 32.  However, the ALJ noted that she would consider the impairment in combination with all medically determinable impairments.  A.R. 32.  The Court finds that the ALJ did follow the appropriate process and set forth legitimate reasons for determining that certain impairments were not severe.  Ultimately, the ALJ considered all of Zamora's

Case No.15-cv-01292-NC            5

impairments in making her disability determination.

### B.     ALJ's Credibility Determination

Zamora also argues that in determining the severity of her symptoms, the ALJ improperly discredited Zamora's subjective testimony. To "determine whether a claimant's testimony regarding subjective pain or symptoms is credible," an ALJ must use a "two-step analysis." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations omitted). "Second, if the claimant meets the first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effects of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Here, the ALJ noted that Zamora's treatment history was inconsistent with the level of impairment she claims. A.R. 35. Additionally, the ALJ found that Zamora performs a wide range of activities of daily living, such as preparing basic meals, cleaning, laundering clothes, and grocery shopping. A.R. 35. The ALJ found Zamora's testimony that her social functioning is significantly reduced to be not credible because Zamora's history reflects that Zamora has normal relationships with her minor children and is their primary caregiver. A.R. 35. The Court finds that the ALJ has set forth specific, clear and convincing reasons for rejecting Zamora's testimony.

///

### C.   ALJ's Rejection of Medical Opinions

Next, Zamora argues that the ALJ improperly rejected Dr. Lingamneri's opinion, and that the ALJ "incorrectly rejected the opinions of every psychiatrist or psychologist who actually examined Ms. Zamora." Dkt. No. 15 at 12.

In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Generally, "the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999). The Commissioner must provide "clear and convincing" reasons for rejecting the un-contradicted opinion of a treating physician. *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir. 1990). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating [her] interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The Court has summarized the ALJ's evaluation of the medical evidence in the background section above. The Court finds that, contrary to Zamora's assertion, the ALJ did not reject the opinion of all treating psychologists. Instead, the ALJ considered all of the medical evidence in the record, much of which was conflicting, and resolved the conflicts by setting out a "detailed and thorough summary of the facts" and stating her opinion thereof. The ALJ considered the opinion of each treating and examining source, summarized the physician's conclusions, then thoroughly explained which opinions she rejected and why. The Court notes, "[w]here evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Andrews*, 53 F.3d at 1039-40. Here, the ALJ navigating a voluminous record and set out a thorough and considered opinion of Zamora's physical and psychological limitations.

/

## IV. CONCLUSION

The Court finds that the ALJ did not commit legal error, and that her opinion was supported by substantial evidence in the record. Thus, the Court DENIES Zamora's motion for summary judgment and GRANTS the Commissioner's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: December 14, 2015                    _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge

United States District Court
Northern District of California